IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| EMMY CAMPBELL, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | CIVIL ACTION NO. H-04-1535 |
| ) | |
| METROPOLITAN TRANSIT ) | |
| AUTHORITY ) | |
| ) | |
| Defendant ) | |

## OPINION AND ORDER ON SUMMARY JUDGMENT

Before the Court is the Defendant's Motion for Summary Judgment (Doc. 12). The Defendant's motion is **GRANTED**.

The Defendant, Metropolitan Transit Authority (Metro), employed the Plaintiff, Emmy Campbell (Campbell), as an Operations Management Analyst IV. In the course of employing Campbell, Metro took actions that Campbell argues constitute discrimination on the basis of race and national origin in violation of Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. § 2000e, *et seq.* ("Title VII").

Campbell filed a Charge of Discrimination with the Equal Employment Opportunity Commission on or about September 16, 2003. Her Charge alleged discrimination based upon national origin:

> "On or about February 22, 2002, I began working for Respondent as an Operations Management Analyst IV. On March 18, 2003, Phil Brenner, Manager of O.M.S., gave me a "Satisfies Most" rating on my annual evaluation. Mr. Brenner advised me that he is a hard grader and he does not water down the evaluation criteria.

> "On May 29, 2003, Laurie Burridge-Kowalik, Director, rated me a "1" (Never demonstrates this skill) with respect to the effectiveness of my writing and verbal skills. My Caucasian coworker who was on a 30-day probation, on the other hand, was given a "3" (Sometimes demonstrates this skill).
>
> "On September 2, 2003, Phil Brenner again gave me a "Satisfies Most" rating on my semi-annual performance review.
>
> "I believe that I have been discriminated against because of my national origin, Honduran, in violation of Title VII of the Civil Rights Act of 1964, as amended."

*See,* Exhibit A to Plaintiff's Complaint (Doc. 1). The Court has not received evidence that Campbell ever amended her first, or filed a second, Charge of Discrimination.

Campbell supplemented her earlier charge of discrimination when she filed her Complaint by alleging, "the following acts of discrimination:"

> "Charles Kurth, a Caucasian male hired at the same time as Ms. Campbell, was given preferential treatment, by being provided with one on one training while Ms. Campbell was not offered the same opportunity.
>
> "In December 2002, Ms. Campbell was reprimanded for choosing to paint her office in colors that reflect her Hispanic or Honduran culture, even though there is no protocol regarding color schemes.
>
> "In March of 2003, Ms. Campbell was given an annual performance appraisal by her supervisor, Manager of Operations Management Analysis, Philip Brenner. On Ms. Campbell's evaluation, Brenner had a choice of four appraisal ratings to choose from in his assessment of Ms. Campbell: (1) 'Consistently Exceeds Requirements', (2) 'Completely Satisfies and Maintains Requirements', (3) 'Satisfies Most Requirements', or (4) 'Does Not Meet the Requirements'. Ms. Campbell was given a rating of (3) 'Satisfies Most Requirements' which is the second to the worst rating an analyst could receive. Consequently, this evaluation had a corresponding detrimental effect on Ms. Campbell's salary increase. Ms. Campbell feels that the March 2003 evaluation did not accurately reflect her work product and communicated

her approval to Brenner."

Compl. ¶9. Campbell has neither amended nor moved to amend her complaint. Metro denied the allegations of Paragraph 9. Def. Answer (Doc. 6).

Metro moved to dismiss all of Campbell's claims on summary judgment. Doc. 12. Campbell responded by filing a legal memorandum opposing the motion for summary judgment. Doc. 14. Neither party submitted any admissible evidence to support the arguments contained in the briefing.

**1.      Legal Standard: Summary Judgment**

A party seeking summary judgment must identify those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, showing that no genuine issue of material fact exists and explain why it is is entitled to judgment as a matter of law. Fed. R.Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). If the moving party demonstrates both an absence of a material fact and an entitlement to judgment as a matter of law, then the party opposing the motion for summary judgment bears the burden of setting forth specific facts and competent summary judgment evidence that raise a genuine issue of material fact on each essential element of any claim on which he bears the burden of proof at trial. Fed. R.Civ. P. 56(c). The non-moving party may not rest on mere allegations or denials in its pleadings, but must produce affirmative evidence and specific facts demonstrating the existence of a genuine issue for trial. Fed. R.Civ. P. 56(e); *Anderson v. Liberty Lobby*, 477 U.S. 248, 256-57 (1986). The non-moving party need not present its own evidence, but may identify genuine issues of fact raised by the evidence produced by the moving party to survive summary judgment. *Isquith v. Middle South Utilities, Inc.*, 847 F.2d 186, 198-200 (5th Cir. 1988).

**2.     Legal standard: Title VII claims**

To establish a *prima facie* case supporting a Title VII claim, a plaintiff must show, "(1) she was a member of a protected class, (2) she was qualified for the position she lost, (3) she suffered an adverse employment action, and (4) that others similarly situated were more favorably treated." *Urbano v. Continental Airlines*, 138 F.3d 204, 206 (5th Cir. 1998).

Adverse employment actions include only "ultimate employment decisions" such as decisions to hire or discharge, grant leave, to promote, or compensate an employee. *Walker v. Thompson,* 214 F.3d 615, 629 (5th Cir.2000). Actions that have a "tangential effect" on ultimate employment decisions are not adverse employment actions. *Dollis v. Rubin,* 77 F.3d 777 (5th Cir. 1995). For example, refusing to permit an employee to attend a training conference is not an adverse employment decision. *Id.* at 779-80. Failing to train an employee may constitute an adverse employment action only if the plaintiff can show that the training would, "tend to' result in a change of employment status, benefits or responsibilities." *Shackelford v. Deloitte & Touche, LLP*, 190 F.3d 398, 407 (5th Cir. 1999). Similarly, reprimands and missed pay increases do not constitute adverse employment actions because they do not, "rise above having mere tangential effect on a possible future ultimate employment decision." *Mattern v. Eastman Kodak Co.,* 104 F.3d 702, 708 (5th Cir. 1997).

**3.     Analysis: the Plaintiff presented no evidence of any adverse employment action.**

Campbell identified three actions that she believes support her cause of action. Compl. ¶9. However, she did not submit any admissible evidence that Metro took any adverse employment action. Instead, Campbell asks the Court to rely on the assertions found in her pleadings. The Supreme Court specifically forbids trial courts from granting parties such leniency. *Anderson v. Liberty Lobby*, 477 U.S. 256-57.

Campbell bears the burden of producing admissible evidence that she suffered an adverse employment action because her complaint never alleged that Metro took any adverse employment action. Specifically, the Defendant refused to offer Ms. Campbell one-on-one training. Compl. ¶9. An employer's choice to use a particular method of training is not an adverse employment action, even though it may be adverse to the employee's desires. Moreover, Campbell did not explain, much less offer admissible evidence explaining, how Metro's failure to offer one-on-one training changed her "employment status, benefits or responsibilities," as required by *Shackelford.*

Metro also allegedly reprimanded Campbell for painting her office and evaluated her as less proficient than she evaluated herself. Compl. ¶9. Again, the law of the Fifth Circuit does not elevate an employer's criticism – even an express threat to fire an employee – to the level of an adverse employment action. Therefore, Campbell did not even allege that she suffered an adverse employment action.

At most, Campbell alleges that her job was not as pleasant as it could have been because she did not receive one-on-one training, permission to paint her office as she wished, or the performance scores she desired.

Metro's motion for summary judgment indicates that Campbell was discharged, certainly an adverse employment decision. However, no admissible evidence confirms that Metro terminated Campbell nor does Campbell's complaint even allege that she was terminated. In fact, neither argument nor evidence demonstrates the link between Campbell's termination and any impermissible motivation.

Finally, this Court need not determine whether Campbell exhausted her administrative remedies given the absence of admissible evidence supporting Campbell's allegations.

- 6 -

### 4.	Campbell's Motion for Continuance

Campbell also filed a motion to continue the trial.  Doc. 13.  The motion was described as unopposed, but Metro filed an opposition.  Doc. 15.  Because Metro opposes any continuance and a motion for summary judgment is pending, the Court should analyze the request for a continuance under the standards of Fed. R.Civ. P. 56(f).  A party opposing a motion for summary judgment by requesting a continuance must specify, with affidavits, what additional discovery might create an issue of fact.  Fed. R.Civ. P. 56(f).  More than two months have passed since Metro filed its opposition.  Campbell has not replied with any evidence required by Fed. R.Civ. P. 56(f) to justify a continuance.  Because Metro opposed the continuance, neither party submitted any evidence to the Court regarding Metro's motion for summary judgment, the deadline for further discovery has passed, and the case is set for a docket call on November 18, 2005, the Court is not convinced that a continuance would increase the likelihood that the parties would resolve the case themselves or that the Court would be more likely than it is now to resolve the case on its merits accurately.

### 5.	Conclusion

Based upon the Defendant's arguments, the Court's review of the applicable precedent, and because Campbell filed no admissible evidence to support her position in opposition to Metro's motion, **it is hereby ORDERED that:**

1.	**Plaintiff Emmy Campbell's Motion for Continuance (Doc. 13) is DENIED;**

2.	**Defendant Metropolitan Transit Authority's Motion to Postpone Deadline for Filing Joint Pretrial Order (Doc. 16) is MOOT;**

3.	**Defendant Metropolitan Transit Authority's Motion for Summary Judgment and Brief in Support (Doc. 12) is GRANTED; and**

**4.     Plaintiff Emmy Campbell's case is DISMISSED.**

**SIGNED at Houston, Texas, this 16th day of November 2005.**

                                                **MELINDA HARMON**
                                       **UNITED STATES DISTRICT JUDGE**